IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID AUSTIN BRAZELL, | § § | |
| *Plaintiff*, | § § | 5-18-CV-00202-OLG-RBF |
| vs. | § § | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1]; | § § § | |
| *Defendant*. | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns Plaintiff David Austin Brazell's request for judicial review of the administrative denial of his request for disability-insurance benefits under Title II of the Social Security Act. This action was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b), Rule 1(h) of Appendix C to the Local Rules, and the docket management order entered on September 29, 2017, in the San Antonio Division of the Western District of Texas.[2] This Court has jurisdiction to review a final decision of the Social Security Administration, which in this case is the Appeals Council's dismissal of Brazell's request for review. *See* 42 U.S.C. § 405(g); *Smith v. Berryhill*, 139 S. Ct. 1765, 1774 (2019). Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

---

[1] On June 17, 2019, Andrew Saul was sworn in as the Commissioner of the Social Security Administration. Accordingly, Commissioner Saul has been substituted as the named Defendant. *See* Fed. R. Civ. P. 25(d).

[2] The September 29, 2017 Docket Management Order was superseded by the October 8, 2019 Docket Management Order. But the scope of the referral hasn't been altered.

For the reasons discussed below, it is recommended that the Commissioner's decision should be **AFFIRMED**, and the case should be **DISMISSED**.

## Factual and Procedural Background

Plaintiff Brazell filed his application for disability-insurance benefits on September 17, 2015, alleging a disability onset date of October 30, 1999. *See* Tr. 95. He alleged that the following impairments render him disabled: post-traumatic stress disorder, depression, bipolar disorder, and sleep apnea. *See id.* Brazell's claim was initially denied on December 3, 2015, and once again on August 15, 2016, after he requested reconsideration. *See id.* 95-111. Following the denial of his benefits claim, Brazell requested and received an administrative hearing. Brazell attended the hearing on March 21, 2017 without the assistance of an attorney or other representative. *See id.*[3] 44-94. Brazell, a medical expert, and a vocational expert testified at the hearing. *See id.*

The ALJ denied Brazell's claim for benefits. *See id.* 9-22. Included with the ALJ's decision was a notice—dated June 22, 2017—outlining the appeals process and Brazell's right to request Appeals Council review within 60 days of its receipt. *See id.* The notice explained that the Appeals Council will dismiss a late request unless a claimant shows that he had "good reason for not filing it on time." *Id.*

Brazell didn't timely appeal the ALJ's decision. Instead, on September 20, 2017—approximately three weeks past the deadline—Brazell filed a request with the Appeals Council for review. *See* Tr. 5-8. In his request, Brazell recognized that the 60-day deadline had expired but sought an extension because (1) "Recently, [he has] had a severe illness in [his] family and was needed there and (2) [he was] still gathering evidence for my case." *Id.* Accordingly, Brazell

---

[3] At the hearing, the ALJ confirmed that Brazell wanted to proceed without a representative. *See id.* 46.

sought an additional four week extension "in order to acquire the additional evidence." *Id.* Brazell didn't provide any additional information regarding the grounds for his extension request.

On October 12, 2017, the Appeals Council dismissed Brazell's request for review pursuant to 20 C.F.R. § 404.971. *See id.* 2-4. In the dismissal order, the Appeals Council acknowledged receiving and considering Brazell's September 20, 2017, request but explained that "such reason does not establish good cause" to extend the 60-day deadline for seeking review. *Id.* Brazell, who is proceeding pro se, initiated this action for judicial review on March 1, 2018, alleging that new evidence supports a finding he wasn't disabled, and that the ALJ erred in concluding that his disabilities were "minor." Dkt. No. 1 & 3.

On September 28, 2018, the Commissioner moved to dismiss Brazell's Complaint pursuant to Rule 12(b)(1), contending that the Appeals Council's Dismissal Order was binding and nonreviewable. *See* Dkt. No. 8 (citing 20 C.F.R. § 404.972). Shortly thereafter, however, the Commissioner advised the Court that the United States Solicitor General had filed a brief with the United States Supreme Court in which the Government took the position that the Appeals Council's dismissal of a claimant's request for review is a final decision of the Commissioner subject to judicial review under § 405(g). *See* Dkt. No. 9 (citing *Smith v. Berryhill*, No. 17-1606, 2018 WL 4586263). Accordingly, on December 12, 2018, the Court stayed the case pending the Supreme Court's decision in *Smith*. *See* Dkt. No. 10.

On May 28, 2019, the Supreme Court held in *Smith* that an Appeals Council's dismissal on timeliness grounds, after a claimant has received a hearing before an ALJ on the merits, qualifies as a "final decision . . . made after a hearing" for purposes of judicial review of that dismissal for untimeliness pursuant to § 405(g). 139 S. Ct. at 1774, 1779-80. Accordingly, this

Court lifted the stay in this case and ordered the parties to brief their respective positions, *see* Dkt. Nos. 13-16; Jul. 3, 2019 text order.

Pursuant to *Smith*, the Commissioner withdrew its motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 14. The Commissioner, however, contends that the Appeals Council's decision should be affirmed because Brazell failed to demonstrate the requisite good cause to excuse his untimely appeal. *See id.*; *see also* Dkt. No. 23.

Brazell, for his part, argues that the reasons he previously provided to the Appeals Council were "legitimate and reasonable requests for time extension based on 20 CFR 416.1433(b) and (c) and 20 CFR 416.1411." Dkt. No. 22. Brazell also attributes "[p]art of the problem" to the fact that he didn't have an attorney to "explain the complexity of the case." *Id.* Accordingly, Brazell urges the Court to address the merits of his claims, arguing that the ALJ committed three separate errors, each requiring remand. *See id.*

## Analysis

Substantial evidence supports the Appeals Council's determination that Brazell's request for review was untimely, and the Appeals Council didn't abuse its discretion in dismissing Brazell's belated request for review for failing to show good cause. Accordingly, the dismissal should be affirmed, and Brazell's other points of error concerning the merits of the ALJ's decision shouldn't be considered. *See Smith*, 139 S. Ct. at 1779-80 (noting that reversal of a procedural dismissal warrants remand for consideration of merits arguments at the agency level).

*The Appeals Process and Judicial Review*. A claimant such as Brazell who is dissatisfied with an ALJ's decision may request review by the Appeals Council on the merits. *See* 20 C.F.R. §§ 404.967; 404.970. To do so, a claimant must file a written request—accompanied by evidence for consideration—within 60 days of the date the claimant receives notice of the hearing decision

or dismissal, unless the Appeals Council extends the deadline for good cause. *See id.* § 404.968. A claimant is presumed to receive notice of the ALJ's decision five days after the date it is issued, unless the claimant can show that he did not receive it within the five-day period. *See id.* 404.901. If a claimant misses the deadline and cannot show good cause, the Appeals Council will dismiss a claimant's request for review. *See id*. § 404.971.

For some time, the circuits were split regarding whether an Appeals Council's dismissal of an untimely request for review (as opposed to a denial on the merits) was subject to judicial review, with the Fifth Circuit taking the position—consistent with the Commissioner's regulation, *see id.* § 404.972—that no subject matter jurisdiction exists under such circumstances. *See Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987). As mentioned, however, the Supreme Court recently resolved this split in authority, holding that the Appeals Council's dismissal of a claimant's untimely request for review of an ALJ's decision is a "final decision . . . made after a hearing" as defined by § 405(g). *Smith* 139 S. Ct. at 1780. Judicial review under these circumstances, however, is generally limited to the propriety of the administrative decision to dismiss the request for review on procedural grounds. *See id.* at 1779-80. In other words, although Brazell attempts to challenge the substance of the ALJ's unfavorable decision, the sole issue for the Court to determine is whether the Appeals Council reversibly erred in determining that Brazell's untimely request for review should be dismissed. The standards that apply to that review are substantial-evidence review as to any fact and abuse of discretion as to the overall conclusion of the Appeals Council's as to the procedural dismissal. *See id.* at 1779 n.19.

*Substantial Evidence Supports the Appeals Council's Timeliness Decision*. There's no dispute with respect to the fact that Brazell's request for review was untimely. The notice of the

ALJ's unfavorable decision is dated June 22, 2017. *See* Tr. 9. Accordingly, the agency presumes that Brazell would've received a copy of the notice by June 27, 2017, and Brazell hasn't presented any evidence to the contrary or otherwise suggested that he didn't receive a copy of the notice within the five-day presumed period.[4] Accordingly, Brazell's deadline to seek review was August 28, 2017.[5] Brazell, however, didn't seek review of the ALJ's decision until approximately three weeks later, on September 20, 2017. Substantial evidence supports the Appeals Council's factual conclusion that Brazell's request for review was untimely.

*The Appeals Council Didn't Abuse Its Discretion in Determining No Good Cause Existed*. In determining whether a claimant such as Brazell has shown good cause for missing a deadline to request review, the agency considers: (1) the circumstances that kept the claimant from making the request on time; (2) whether the agency misled the claimant; (3) whether the claimant didn't understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) whether a claimant had any physical, mental, educational, or linguistic limitations that would've prevented him from filing a timely request or from understanding or knowing about the need to file a timely request for review. 20 C.F.R. § 404.911(a). Examples of circumstances where good cause "*may* exist include, but are not limited to the following situations: . . . (2) There was a death or serious illness in [the claimant's] immediate family . . . [and] (4) [The claimant was] trying very hard to find necessary information to support [his] claim but did not find the information within the stated time periods

---

[4] In his Complaint, Brazell alleges that he never received a copy of the Appeals Council's Dismissal Order and had to request "results of [the] decision and copies." Dkt. No. 3. But Brazell never claimed—either to the Appeals Council or this Court—that he never received notice of the ALJ's June 22, 2017, unfavorable decision.

[5] Sixty-five days from June 22, 2017, landed on Saturday August 26, 2017. Accordingly, the time period for requesting review would've been extended to the next full workday, Monday, August 28, 2017. *See* HALLEX I-3-1-1(D)

. . ." *Id.*(b) (emphasis added). [6] In other words, the Commissioner's regulations provide the Appeals Council with considerable discretion in determining whether a claimant such as Brazell has presented good cause for an extension. *See, e.g.*, *United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.").[7]

Brazell contends he presented "legitimate and reasonable" requests for an extension but his request was unfairly denied. But at issue here isn't whether the Court believes Brazell should've received an extension. "Courts cannot properly direct or compel an extension of time by the [the agency] absent an abuse of discretion or arbitrary or unreasonable action." *Gardner v. Moon*, 360 F.2d 556, 559 (8th Cir. 1966). Accordingly, the Court must determine whether the Appeals Council abused its discretion in denying Brazell's belated request for review for failing to demonstrate good cause. As mentioned, good cause in this context necessarily implies the exercise of a considerable amount of discretion in making the determination:

> Good cause by its very nature calls for the evaluation of many subtle factors. Here Congress has given the task to the administrative agency experienced in dealing with claims to decide this in the first instance. And in the absence of an abuse of discretion, we must be bound by the administrative determination even though the court would justifiably have made a different choice had the matter been before it de novo.

*Langford v. Flemming*, 276 F.2d 215, 219 (5th Cir. 1960) (quotations and asterisks omitted).[8] A

---

[6] Although Brazell references the examples of good cause set forth in 20 C.F.R. § 416.1411, this regulation governs applications for supplemental social security income, which aren't at issue here. Nevertheless, § 404.911(b) provides an identical list of circumstances where good cause may exist.

[7] *See also Burbage v. Schweiker*, 559 F. Supp. 1371, 1375 (N.D. Cal. 1983) *overruled on other grounds by Smith*, 139 S. Ct. at 1765 ("Although the Secretary's regulations do list the factors which should be considered in determining whether there is good cause for late filing, the decision is discretionary.").

[8] Although *Langford* was subsequently overruled by *Harper*, 813 F.3d at 743, the basis for the overruling was *Harper*'s holding that an Appeals Council's dismissal of an appeal as untimely isn't subject to judicial review. As mentioned, *Harper* has been overruled by *Smith*, 139 S. Ct. at 1765.

decisionmaker abuses its discretion where it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Dawson v. United States*, 68 F.3d 886, 895-96 (5th Cir. 1995) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the [decision maker]. If reasonable persons could differ, no abuse of discretion can be found." *Id.*

Under the circumstances presented here, there's no basis to conclude that the Appeals Council abused its discretion in concluding Brazell failed to show good cause for his extension request. In his statement to the Appeals Council, Brazell claimed in cursory fashion that a severe illness in his family necessitated an extension and that he needed additional time to gather evidence. But Brazell didn't submit any evidence to support this contention; nor did he provide details that might've justified or bolstered his request.[9] For example, Brazell didn't identify which member of his family was ill or explain how that illness would've impacted his ability to request review. In fact, Brazell's brief makes clear that the ill family member wasn't a member of his immediate family. *Cf.* 20 C.F.R. § 404.911(b)(2). Nor did Brazell provide any detail regarding the efforts he made to timely find the necessary information to support his claim. He also didn't identify the type of information he was seeking or explain the basis for his belief that it would've been necessary to support his claim. *Cf. id.*(b)(4). Moreover, Brazell didn't request an extension of time until nearly three weeks *after* the deadline to seek review had expired. Even though Brazell wasn't represented by counsel, there's no basis to conclude on this record that he

---

[9] *See, e.g., Waters v. Massanari*, 184 F. Supp. 2d 1333, 1341 (N.D. Ga. 2001) (no abuse of discretion in dismissing plaintiff's request for review where plaintiff didn't submit an affidavit or other documentation in support); *Woods v. Saul*, No. 4:19CV00921 BRW-PSH, 2020 WL 5825761, at *1 (E.D. Ark. Sept. 30, 2020), *report and recommendation adopted*, 2020 WL 6120200 (E.D. Ark. Oct. 16, 2020) (similar).

wasn't able to understand his obligation to timely seek review. *Cf. id.* § 404.911(a)(4). Brazell hasn't presented any evidence to this effect, and he didn't raise this point to the Appeals Council as a basis for his extension request. *See Smith*, 139 S. Ct. at 1779 ("[A] federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question.").

The Appeals Council could've been more lenient here. It could've requested more information before denying Brazell's extension request or even explained the basis for its determination in more detail. But the Court can't say that the Appeals Council's bright-line approach here constituted an abuse of discretion. "The Appeals Council's review is discretionary: It may deny even a timely request without issuing a decision." *Id.* at 1772. "The scope of this Court's review is very limited. It cannot put itself in the decision maker's place. It cannot conclude that the Appeals Council abused its discretion just because the Court might have ruled differently on the same set of facts." *Waters*, 184 F. Supp. 2d at 1341 (citing *Langford*, 276 F.2d at 219). In dismissing Brazell's request for an extension of time, the Appeals Council noted that it had reviewed and considered Brazell's statement explaining the reasons for failing to timely request appeal but determined that the reasons presented didn't establish good cause. *See* Tr. 3. That is sufficient under these circumstances to show no abuse of discretion.[10]

The Appeals Council was not acting arbitrarily or unreasonably in concluding that Brazell hadn't satisfied his burden to provide good cause for failing to timely file a request for review. The Appeals Council's dismissal therefore shouldn't be disturbed.

---

[10] *See, e.g.*, Hallex I-3-5-15 (explaining that denial notices must (1) acknowledge receipt of, and exhibit, legal arguments or contentions submitted in connection with the request for review; (2) state that the Appeals Council considered the arguments presented; and (3) conclude that the information doesn't provide a basis for changing the ALJ's decision).

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Commissioner's final decision dismissing Brazell's request for review as untimely and denying his application for disability insurance benefits should be **AFFIRMED**, and the case should be **DISMISSED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party,

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 7th day of January, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE